J-A26009-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| LAUREL BREUNER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| Appellant | |
| v. | |
| STEVEN BREUNER, | |
| Appellee | No. 870 WDA 2015 |

Appeal from the Order May 12, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 08-007487

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 28, 2016**

Laurel Breuner (Wife) appeals from the May 12, 2015 order that directed her and Steven Breuner (Husband) to each pay to Barbara C. Breuner, as Trustee of the Barbara C. Breuner Survivor's Trust, one-half of an obligation due, which was previously determined to be a marital debt in connection with Husband and Wife's equitable distribution proceedings relating to their divorce.  After review, we affirm.

In a prior appeal, this Court's memorandum, dated June 24, 2014, relied on an earlier trial court's opinion, dated September 3, 2013, to address the issue raised by Wife in that prior appeal.[1]  That memorandum summarized in a parenthetical the trial court's findings as follows:

---

[1] Wife's issue questioned "whether the trial court erred in concluding that an alleged intra-family loan constituted a 'marital debt' subject to property
*(Footnote Continued Next Page)*

[P]arties agreed to 50/50 division of marital assets and debts; at July 12, 2012 hearing to determine whether $90,000.00 loan Husband's father, Mr. [William] Breuner, made during parties' marriage constituted "marital debt," court heard testimony from Mr. Breuner's attorney, Mr. Breuner's accountant, Husband, and Wife; Mr. Breuner's attorney and Mr. Breuner's accountant each confirmed Mr. Breuner's loan and Mr. Breuner's expectation that loan would be repaid; Mr. Breuner's accountant also explained no payments had been made on loan at time of Mr. Breuner's death, and Mr. Breuner had not forgiven loan; Husband testified he borrowed $90,000.00 from his parents to renovate marital home, Wife knew of loan, Wife thanked Husband's parents for loan, and Wife arranged for further renovations after learning of loan; Wife claimed she did not know of loan until October 2011, and did not authorize loan; court found credible Husband's evidence that Mr. Breuner made loan during parties' marriage so they could renovate marital home, that both parties knew of loan, and that Husband and Wife used loan to finance home renovations; following July 12, 2012 hearing, court decided loan constituted marital debt subject to parties' equitable distribution agreement; following Wife's motion for reconsideration alleging "new" evidence, court expressly granted reconsideration and held reconsideration hearing on May 13, 2013; Husband made strong argument that Wife's proposed evidence did not constitute "new" evidence to warrant reopening record; nevertheless, assuming *arguendo* Wife's proposed evidence was "new," Wife still failed to establish loan was not marital debt; parties' contractor testified at reconsideration hearing that parties paid him for renovations to marital home from their business account; court found this evidence unpersuasive to demonstrate parties did not use loan proceeds to pay for renovations, where parties failed to meticulously differentiate between their business and personal accounts; regarding Wife's attempt to impeach Husband's testimony, court resolved inconsistency in testimony in favor of Husband; parties' execution of "waiver and release" concerning their business litigation does not release Wife from obligation to repay loan;

*(Footnote Continued)* _____

distribution despite the absence of material evidence of consideration or any marital benefit."  ***Breuner v. Breuner***, No. 1262 WDA 2013, unpublished memorandum at 2 (Pa. Super. filed June 24, 2014) (***Breuner I***).

parties used their business account to pay for renovations to marital home, but court deemed those renovations personal, and not business-related subject to "waiver and release"; $90,000.00 loan is marital debt subject to parties' 50/50 equitable distribution arrangement[].

***Breuner I*** at 2-4.

Our ***Breuner I*** decision affirmed the trial court's decision, which had concluded that,

pursuant to Pennsylvania law[,] the $90,000 loan made to Husband on May 3, 2000 was marital debt, as it was accrued during the course of the marriage and was spent on improvements to the marital residence. As the parties agreed to a 50/50 division of the assets and debts of the marriage in this case, the $90,000 loan and any interest accrued on the loan, was deemed to be debt that would be subject to the same 50/50 division as the other marital assets and debts.

***Breuner v. Breuner***, FD 08-007487 at 11 (Allegheny Cty. September 3, 2013).

Following the conclusion of the first appeal in June of 2014, no payments were made. Therefore, on October 22, 2014, Husband filed a petition seeking to collect $76,850.86, the amount which he claimed was due plus interest that had accrued. Husband also claimed that his mother, Barbara C. Breuner, "was the purported successor in interest to the note and that she wished to be joined as a party to the divorce/enforcement proceeding…." Wife's brief at 9. In response to Husband's petition, the trial court issued an order, dated October 23, 2014, directing Wife to respond to Husband's petition. The court requested Wife to explain why she should not be compelled to pay her portion of the outstanding balance of the loan; why

the court should not award Husband counsel fees of $750; and why Barbara should not be joined as a party to these proceedings pursuant to 23 Pa.C.S. § 1920.34. Trial Court Order, 10/23/14.

On November 12, 2014, Wife filed preliminary objections to Husband's petition, questioning "Husband's lack of standing to collect on the Note, the lack of record evidence establishing that Barbara assumed the right to collect under the Note following William's death, the fact that Barbara had not been joined in the divorce proceeding, and the running of the statute of limitations on any person's right to collect under the Note." Wife's brief at 10-11. The parties presented argument to the trial court and, thereafter, the court issued the order presently on appeal. Essentially, the court's order directed both Husband and Wife to each pay one-half of the principal and interest due to Barbara as the trustee of the family trust within 60 days of the date of the order.

Wife appealed and filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response to Wife's alleged errors in her concise statement, the trial court explained that:

> It is difficult to see what can be added here to our opinion in the prior appeal in this case, or indeed to the Superior Court's opinion at that time. It will suffice to say that all of the points in the concise statement of errors have already either been decided or waived, and the law of the case does not permit us to revisit them at this time.
>
> [Wife] complains that there was no hearing to determine a number of questions she raises about this debt, but forgets that the debt was addressed not merely at a hearing, but in a trial in

2012. That trial was followed by a dispositive order in January of 2013, which was appealed, and the Superior Court decided the matter, issuing an opinion. Issues raised about the debt were decided. Issues not raised were waived.

In the rule to show cause proceedings, a single fact was at issue: Did [Wife], or did she not, pay her portion of the marital debt? A hearing was unnecessary for this issue. Both parties agreed that she did not.

This [c]ourt can well understand litigator's remorse, wherein a lawyer, wishing that a different argument had been made, or the same argument differently, tries for a second bite at the apple. We can even appreciate the impulse, having spent time in the seat of the advocate. We cannot, however, allow every issue to be relitigated ad infinitum. [Wife] had her trial, and her appeal. The time has come to pay the piper.

Trial Court Opinion, 4/27/16, at 2 (unnumbered).

Now, in her brief, Wife sets forth the following five issues for our review:

1. Whether the [t]rial [c]ourt erred in ordering [Wife] to pay a one-half interest in a marital debt when the alleged holder of the debt was not a party to the divorce proceedings and [Husband] lacked standing to enforce the debt?

2. Whether the [t]rial [c]ourt erred in ordering [Wife] to pay her one-half interest in a marital debt when the holder of the debt was never established of record and the trial court declined to allow discovery and an evidentiary hearing to establish same?

3. Whether the [t]rial [c]ourt erred in finding that the statute of limitations did not operate to bar an action for recovery of the amounts allegedly due under the marital debt?

4. Whether the [t]rial [c]ourt erred in ordering [Wife] to pay her one-half interest in a marital debt when [Husband] failed to mitigate his purported damages and was barred by the doctrine of unclean hands from asserting a claim for the marital debt and the [t]rial [c]ourt declined to allow discovery and an evidentiary hearing to resolve same?

- 5 -

5. Whether the [t]rial [c]ourt erred in finding that [Wife's] arguments in opposition to [Husband's] petition were waived and barred by the law of the case doctrine?

Wife's brief at 5-6.

After reviewing Wife's arguments, the certified record, and the trial court's decision, we conclude that the court correctly determined that the law of the case doctrine controls. In **Commonwealth v. Starr**, 664 A.2d 1326 (Pa. 1995), our Supreme Court explained the doctrine as follows:

> This doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy … but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Id.* at 1331 (citations omitted).

As noted by the trial court, all Wife's present claims of error were decided previously or were not raised by her in the prior appeal and,

therefore, must be deemed waived. Wife's appeal is simply an attempt by her to re-litigate the terms of the equitable distribution decision and, in particular, the requirement that she pay one-half of the $90,000 marital debt. She admits non-payment, but appears to continue to contest the fact found in the previous litigation that this debt is "marital." Accordingly, we are compelled to affirm the trial court's May 12, 2015 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2016